WILLIAM P. HORN, D.C. Bar No.: 375666**
JAMES H. LISTER, D.C. Bar No.: 447878*
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com; jlister@dc.bhb.com

Attorneys for Applicant Defendant Intervenors
*Application for pro hac vice admission pending
** Application for pro hac vice admission to be submitted

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION; ALASKA CENTER FOR THE ENVIRONMENT; and THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL PARK SERVICE; MARCIA BLASZAK, Alaska Regional Director; and WILL TIPTON, Acting Superintendent for Wrangell-St. Elias National Park and Preserve, <br><br> Defendants, <br><br> SPECIALTY VEHICLE INSTITUTE OF AMERICA, MOTORCYCLE INDUSTRY COUNCIL, BLUERIBBON COALITION, INC., AND ALASKA OUTDOOR COUNCIL, <br><br> Applicant Intervenor Defendants. | Case No. 3:06-cv-0158 RRB |

**UNOPPOSED JOINT MOTION TO INTERVENE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

Pursuant to Fed.R.Civ.P. 24(b), the Specialty Vehicle Institute of America ("SVIA"), the Motorcycle Industry Council ("MIC"), BlueRibbon Coalition, Inc. ("BRC"), and the Alaska Outdoor Council ("AOC") (collectively "Applicant Intervenors") hereby move for intervention as defendants in the above-captioned case. The Applicant Intervenors are manufacturers,

1

distributors, and users of off-road vehicles ("ORVs") used in Wrangell-St. Elias National Park and Preserve. The objective of Plaintiffs' lawsuit is to halt use of ORVs in that park, contrary to the interests of the Applicant Intervenors.

The Motion to Intervene is unopposed. Before filing this Motion, Applicant Intervenors discussed terms of intervention with counsel for Plaintiffs and counsel for the Federal Defendants. The Plaintiffs have agreed not to oppose intervention based on Applicant Intervenors' agreement to the conditions on intervention set forth in the attached proposed order granting intervention. The Federal Defendants have reviewed the proposed order and have stated that they will take no position on intervention.

The proposed order worked out with Plaintiffs would grant permissive intervention pursuant to Fed.R.Civ.P. 24(b), and includes the following terms:

> "Applicant Intervenors will not oppose the terms of any reasonable scheduling order that may be agreed to by Plaintiffs or Federal Defendants and proposed to the Court. Applicant Intervenors will not advocate their own scheduling order. This will not preclude the Applicant Intervenors or any other party from moving to modify whatever scheduling order the Court enters for good cause shown, based on circumstances that arise as the case progresses.
>
> Applicant Intervenors shall to the extent reasonably possible avoid enlarging the issues presented in this case. Therefore Applicant Intervenors shall not attempt to enlarge the geographic scope of the case beyond Wrangell-St. Elias National Park and Preserve or seek any relief not necessary to defend their position that recreational Off-Road-Vehicle Use / All-Terrain Vehicle Use should continue in Wrangell-St. Elias. This restriction shall not prevent Applicant Intervenors from raising legal or factual defenses that vary from the Federal Defendants' defenses, bar Applicant Intervenors from asserting a position regarding any proposed resolution of this case, or constitute a waiver of any right of Applicant Intervenors to appeal a judgment."

As discussed below in further detail, Applicant Intervenors respectfully request that this Court grant permissive intervention subject to the foregoing agreed-upon terms and conditions.

**I.      NATURE OF THIS CASE.**

     **A.      Off-Road Vehicle Use in Wrangell-St. Elias National Park and Preserve.**

Congress created Wrangell-Saint Elias National Park and Preserve ("Wrangell-St. Elias") in 1980 as part of the Alaska National Interests Lands Conservation Act ("ANILCA"), Public Law No. 96-487. Section 201(9) of ANILCA directed that the Park Service in managing Wrangell-St. Elias provide "continued opportunities, including reasonable access for . . . wilderness recreational activities." ANILCA § 201(b)(9), codified at 16 U.S.C. § 410hh(9).  Recreational use of off-road vehicles ("ORVs") in Wrangell-St. Elias has a long history.  This recreational use on these federal lands pre-dates the passage of ANILCA establishing the park unit, and has continued to the present.

Consistent with the directive in ANICLA that Wrangell-St. Elias be available for recreational activities, the National Park Service in 1986 completed a notice-and-comment rulemaking in which it authorized the superintendents of Wrangell-St. Elias and other park units located in Alaska to issue permits for recreational ORV use.  The 1986 regulations were legislative rules promulgated to implement the comprehensive and Alaska-specific access provisions of ANILCA.  43 C.F.R. Part 36; 51 Fed. Reg. 31629 (Sept. 4, 1986).  The final rule gave Alaska unit superintendents the choice of: (a) issuing permits for use of ORVs on designated routes, or (b) designating routes and areas for ORV use without permits pursuant to the separate process established under 36 CFR § 4.10.  *See* 43 C.F.R. § 36.11(g)(1) and (2); *see also* Executive Order 11644 § 2(3)(C) (February 8, 1972) (excluding off-road-vehicles operated under a permit from various provisions set forth in the Executive Order).

Pursuant to Section 36.11(g)(2), the Superintendent of Wrangell-St. Elias issues permits for recreational ORV use each year. The permits allow the permit holder to use ORVs to travel on nine (9) specific designated routes within Wrangell-St. Elias. *See* Exhibit to Complaint (copy of one 2006 permit). The permit states specific restrictive conditions designed to protect park unit resources, including the following: (a) "Stay on established trails designated on maps," (b) "creating new trails is strictly prohibited," (c) "ATV use is prohibited in designated wilderness areas," and (d) "Use of chains for traction on all established trails is prohibited." *Id.*

.       **B.      Claims Advanced by Plaintiffs in this Lawsuit.**

In their Complaint, Plaintiffs ask the Court to overturn 43 C.F.R. § 36.11(g)(2) as being allegedly contrary to statute. *See* Cmplt., ¶ 71. Plaintiffs allege that this rule, which was adopted in the 1986 ANILCA rulemaking proceeding discussed above, is contrary to general provisions of the National Park Service Organic Act requiring protection of park resources. *See* Cmplt. ¶¶ 64-65, 71 (citing 16 U.S.C. §§ 1, 1a). Plaintiffs argue in the alternative that Wrangell-St. Elias did not comply with Rule 36.11(g)(2) because the Acting Superintendent allegedly did not explicitly find that recreational use of ORVs was "compatible with the purposes and values for which the area was established." Cmplt., ¶ 45. Applicant Intervenors believe that the rule is valid and that the Acting Superintendent made a compatibility finding. Plaintiffs also raise claims under the National Environmental Policy Act , 42 U.S.C. § 4321, *et seq.* ("NEPA"), which Applicant Intervenors also believe lack merit. [1]

---

[1]     We note that the United States Court of Appeals for the Ninth Circuit has denied <u>intervention as-of-right</u> pursuant to Fed.R.Civ.P. 24(a) to private intervenors for purposes of addressing a claim brought under the National Environmental Policy Act, ("NEPA"), 42 U.S.C. §§ 4321 et seq. <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2002). However, the Ninth Circuit in that case also held that the district court did not abuse its discretion in granting the type of intervention sought here -- permissive intervention under F.R.Civ.P. 24(b). *Id*. at 1111. One of the Counts in Plaintiffs' complaint is based on NEPA; the other counts raise non-NEPA claims.

### C.  Three of the Applicant Intervenors Have Been Granted Intervention in a Closely Related ORV Case Pending in Another District Court.

Significantly, this case grows out of and parallels a closely related lawsuit pending in the United States District Court for the District of Columbia in which Applicant Intervenors Specialty Vehicle Institute of America ("SVIA"), Motorcycle Industry Council ("MIC"), and BlueRibbon Coalition, Inc. ("BRC") have already been granted intervention.

The National Parks Conservation Association ("NPCA"), a plaintiff here, filed the District of Columbia lawsuit on November 29, 2005 seeking to halt ORV use in the National Park System on a nationwide basis (the "D.C. ORV Lawsuit").  The D.C. District Court granted SVIA, MIC and BRC full party status as defendant intervenors.[2]  NPCA then amended its D.C. ORV lawsuit to specifically exclude all National Park Service units in Alaska from the scope of the relief sought, explaining that the legal provisions governing use of ORVs in National Park units in Alaska differed from the provisions applicable in other states.[3]  A few months later, NPCA filed this lawsuit challenging ORV use in Wrangell-St. Elias, one of the Alaska units.

Applicant Intervenors SVIA, MIC and BRC seek the same intervention here that they sought and obtained in the D.C. ORV cases, so that they may protect their interests in Alaska as well as in the rest of the Nation.  Alaska Outdoor Council joins the group for this Alaska case.

---

[2]  *Friends of the Earth/Bluewater Network Division, National Parks Conservation Association, and Wildlands Center for Preventing Roads v. United States Department of the Interior, et al.*, Case No. 05-2302-RCL (Dist. D.C., Order Granting Intervention, Feb. 1, 2006) ("DC ORV Case").  NPCA's co-Plaintiffs in the present (Alaska) case were not plaintiffs in the D.C. ORV Case.

[3]  *See* First Amended Complaint of National Parks Conservation Association et al., ¶ 8b, Case No. 05-2302-RCL (filed with motion to amend on Feb. 7, 2006) ("Notwithstanding any other allegations or assertions in this Complaint, the use of off-road vehicles at any unit of the National Park Service located in the State of Alaska is not included within any of the allegations of this Complaint or in any of the relief sought thereby"); *see also* accompanying Motion to Amend, Case No. 05-2302-RCL (Feb. 7, 2006) ("The proposed amendment would also exclude National Park Service units in Alaska.  These units present factual and legal considerations that are distinct from park units in the rest of the country").

## II.     Detailed Description of Intervenors.

### A.     Specialty Vehicle Institute of America.

Applicant Intervenor Specialty Vehicle Institute of America ("SVIA") is a District of Columbia nonprofit trade association sponsored by Arctic Cat, Bombardier, Bush Hog, Honda, Kawasaki, Polaris, Suzuki, Tomberlin, and Yamaha. *See* Exhibit 1, Declaration of Kathy Van Kleeck on Behalf of Specialty Vehicle Institute of America at ¶ 3 ("SVIA Dec."). SVIA members manufacture and distribute All-Terrain Vehicles ("ATVs") and parts and rely on sales of their products to users of the National Park System. *Id.,* at ¶ 4. Because many retail dealers located in Alaska sell ATVs and ATV parts manufactured or distributed by SVIA members, consumers are purchasing the products of SVIA members in Alaska and appear to be using them in Wrangell-St. Elias as well as elsewhere in Alaska. *Id.,* ¶ 4 and Ex. A to *id*. (listing examples of retail outlets located in Alaska along with the SVIA members whose products they sell).

ATVs are a type of ORV.[4] SVIA's purposes include, among other things, promoting ATV use and preparing and disseminating information about ATVs to its members. *Id.,* at ¶ 6. Since 1983, SVIA has promoted the safe and responsible use of ATVs through rider training programs, public awareness campaigns, and state legislation. *Id.,* at ¶ 7. SVIA also serves as a resource for ATV research, statistics, and vehicle standards. *Id.,* at ¶ 8. SVIA's members will be adversely impacted by either prohibitions or severe undue limits on the use of ORVs in NPS units including Wrangell-St. Elias. *Id.,* at ¶¶ 4, 9-10. Any prohibitions or undue severe limits in Wrangell-St. Elias may also set precedents that may be followed elsewhere in the NPS, and thereby further adversely impact SVIA.

---

[4]     *See id*., at ¶ 5. By stating that ATVs are off-road-vehicles, we are referring to the ordinary use of the term "off-road vehicle." In every case, the definition accompanying any regulation or other document addressing "off-road vehicles" must be consulted to determine the precise situations and types of equipment covered by the particular regulation or document.

B.      **Motorcycle Industry Council.**

Applicant Intervenor Motorcycle Industry Council ("MIC") is a New York nonprofit trade association with more than 300 members, including manufacturers and distributors of motorcycles and scooters, parts and accessories for motorcycles, scooters, and ATVs. *See* Exhibit 2, Declaration of Kathy Van Kleeck on Behalf of Motorcycle Industry Council at ¶ 4 ("MIC Dec."). ATVs and motorcycles are types of ORVs.[5] MIC's purposes include promoting and preserving motorcycle and ATV use and the U.S. motorcycle industry. *Id.,* at ¶ 6. MIC promotes motorcycle and ATV use by, among other things, preparing and disseminating information to members and through government relations and technical, aftermarket, and communications programs. *Id.,* at ¶ 7. MIC also serves as a resource for motorcycle and ATV research, statistics, and vehicle standards. *Id.,* at ¶ 8. Like SVIA, MIC will be adversely impacted by either prohibitions or severe undue limits on the use of ORVs in NPS units. *Id.,* at ¶¶ 10-11. Because many retail dealers located in Alaska sell motorcycles, ATVs and motorcycle and ATV parts manufactured or distributed by MIC members, consumers are purchasing the products of MIC members in Alaska and appear to be using them in Wrangell-St. Elias as well as elsewhere in Alaska. *Id.,* at ¶ 9 and Ex. A to *id*. (listing examples of retail outlets located in Alaska along with the MIC members whose products they sell).

C.      **BlueRibbon Coalition, Inc.**

Applicant Intervenor BlueRibbon Coalition, Inc. ("BRC") is an Idaho nonprofit corporation representing over 1,100 businesses and organizations with approximately 600,000 total members. *See* Exhibit 3, Declaration of Jack Welch in Support of Motion to Intervene, at ¶ 4. ("BRC Dec."). BRC members use motorized and nonmotorized means, including off road

---

[5]   *See id*., ¶ 5. As discussed in note 3 above, the definition accompanying any regulation or other document addressing "off-road vehicles" must be consulted to determine the precise situations and types of equipment covered. Some rules may treat motorcycles differently than ATVs.

vehicles, horses, mountain bikes, and hiking, to access federal lands throughout the United States, including where authorized on lands in the National Park potentially affected by this litigation. *Id.,* at ¶ 5  BRC members have long enjoyed legal and responsible vehicle and off road vehicle access where authorized to the National Park System in general and to Wrangell-St. Elias National Park and Preserve in particular. *Id*., at ¶ 7.  Because BRC members are fundamentally affected by outcomes to Park Service planning and rulemaking processes, BRC is also regularly involved in, and deeply concerned with, maintaining the integrity and legal validity of such administrative processes. *Id*., at ¶ 6.  Any change in the regulatory scheme which will restrict or eliminate vehicle and/or off road vehicle access will adversely impact or eliminate the recreational and aesthetic enjoyment of these Park System units. *Id.,* at ¶ 7.  BRC seeks to intervene to support its members' right to continue to operate ORVs for recreation in Wrangell-St. Elias.

       D.     **<u>Alaska Outdoor Council</u>.**

Applicant Intervenor Alaska Outdoor Council ("AOC") is an Alaska non-profit organization representing over 14,000 Alaskans. *See* Exhibit 4, Declaration of Rod Arno, at ¶ 4 ("AOC Dec."). AOC's membership is drawn from 54 affiliated outdoor clubs across Alaska. *Id*., at ¶ 5.  AOC is dedicated to the preservation of outdoor pursuits in Alaska and public access and common use of such outdoor pursuits. *Id.*, at ¶ 7.  It recognizes that not all Alaskans can hike dozens of miles or afford aircraft to access Alaska's natural resources, and supports responsible use of ORVs. *Id*.  Numerous AOC members are ORV users who actively use ORVs in Wrangell-St. Elias for recreational purposes with the required permit. *Id.,* at ¶ 9. AOC seeks to intervene to support its members' right to continue to operate ORVs for recreation in Wrangell-St. Elias.

### III. Applicant Intervenors Satisfy the Permissive Intervention Criteria.

As noted above, the proposed order granting intervention agreed to by the Applicant Intervenors and the Plaintiffs provides for permissive intervention under Fed.R.Civ.P. 24(b). Accordingly, while Applicant Intervenors reserve the right to move for intervention as-of-right under Fed.R.Civ.P. 24(a), they here address the factors relevant under Rule 24(b), which provides:

> "Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed.R.Civ.P. 24(b)

#### A. This Joint Motion is Timely and Will not Unduly Delay Adjudication or Prejudice the Other Parties.

This joint motion is certainly timely at such an early stage of the case, and will therefore not unduly delay adjudication of this case.[6] The Federal Defendants have not yet filed their answer or any Rule 12(b) motion. On November 3, 2006, the Federal Defendants along with the Plaintiffs filed a Joint Motion to Stay all proceedings up and until December 4, 2006. No dispositive motions have been filed or decided.   Given that the other parties have stated that they will not oppose this motion, it can be taken that they are not prejudiced by it.

#### B. The Applicant Intervenors Have An Interest in the Subject Matter of this Action.

"Unlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for [permissive] intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-10 (9th Cir. 2002) (quoting Rule 24).  The

---

[6]   The timeliness of a request to intervene is submitted to the sound discretion of the Court, and "[t]imeliness is to be determined from all the circumstances." *NAACP v. New York*, 413 U.S. 345, 366 (1973).  Relevant factors include the age of the case, whether responsive pleadings or dispositive motions have been filed, the purpose for which intervention is sought, and whether intervention will prejudice existing parties. *See id.* at 366-69.

permissive intervention standard "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id*. (internal quotations omitted).

In fact, Applicant Intervenors have substantial user, economic, and reputational interests at stake. Enjoining or restricting ORV use will directly affect Applicant Intervenors.[7] Members of BRC and AOC who presently ride ORVs in Wrangell-St. Elias for recreational purposes pursuant to the permit system are users of Wrangell-St. Elias and so have a direct user interest in continuing to ride ORVs. BRC Dec., at ¶ 5; AOC Dec., at ¶ 9. Members of SVIA and MIC will lose sales if ORV use is further restricted in Wrangell-St. Elias. *See* SVIA Dec., at ¶ 9; MIC Dec., at ¶ 10; Ex. A to SVIA Dec. and MIC Dec. (list of Alaska retail ORV outlets for the products manufactured or distributed by SVIA and/or MIC members). SVIA and MIC also have a separate practical interest in defending the reputation of their members' ORV products against Plaintiffs' many disparaging allegations of environmental harm. . *See, e.g.* Cmplt., ¶¶ 18-19.[8]

### C. Applicant Intervenors' Claims or Defenses in the Main Action Have a Question of Law or Fact in Common.

Applicant Intervenors easily satisfy the requirement that there be a common question of law or fact between (i) Plaintiffs' claims against the Federal Defendants, and (ii) Plaintiffs' claims against Applicant Intervenors if intervention as party defendants is granted. As shown by the proposed Answer that accompanies this Motion to Intervene, Applicant Intervenors assert defenses regarding each aspect of Plaintiffs' claims against the Federal Defendants. They assert no counterclaims. Because each defense corresponds to the claims already raised by Plaintiffs,

---

[7] Thus, simple economic interests are sufficient to support permissive intervention. 7C Wright & Miller, Federal Practice & Procedure § 1911 at 357 (1986).

[8] Associations such as SVIA and MIC can represent its members for purpose of intervention, s*ee Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 n. 3 (9th Cir. 2001). Such representation is one reason for their existence. *See* SVIA Dec., at ¶ 6-8, MIC Dec., at ¶¶ 6-8.

the proposed intervention "squarely respond to the challenges made by plaintiffs in the main action" and so satisfy the essential requirement of Rule 24(b) that there be a common issue of law or fact. *Kootenai Tribe of Idaho*, 313 F.3d at 1110-11.

  D.  **Additional Factors Support Intervention.**

  Three additional factors support intervention. First, while Applicant Intervenors are not required to show that their interests are not adequately represented by the Federal Defendants to obtain permissive intervention, *compare* Fed.R.Civ.P. 24(a) *with* Fed.R.Civ.P. 24(b), the Federal Defendants do not adequately represent the Applicant Intervenors and this is an additional factor favoring intervention. As the regulators of public use of Wrangell-St.Elias, the Federal Defendants are charged with balancing all interests, including Plaintiffs' views and others directly adverse to Applicant Intervenors' interests. Applicant Intervenors are not the general public, whose interests are represented by the Federal Defendants, but rather are manufacturers, distributors, and users of ORVs who represent the more narrow interests of the ORV community. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) ("Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public," quoting 3B Moore's Federal Practice, ¶ 24.07[4] at 24-78 (2d ed. 1995)). Further, where groups have an interesting in continued use of public land for a purpose that the plaintiffs oppose, the government agency "is not charged with a duty to represent these asserted interests in defending against the issuance of an injunction." *Forest Conservation Council*, 66 F.3d at 1499; *see also, Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986)(agency with no financial stake in matter may not represent intervenor who does have such a financial stake).

Second, SVIA, MIC, BRC and AOC are in a far better position than the Federal Defendants to inform the Court about the effect a ban on ORVs would have on ORV riders, manufacturers, and distributors, as well as the broader economic impact on Alaskans generally. Private parties can often "provide a very helpful supplement to the defense by the [federal] authority [because] there is a likelihood that the [private parties] will make a more vigorous presentation of the economic side of the argument than would the [federal authority]." *National Resources Defense Council v. Costle,* 561 F.2d 904, 912 (D.C. Cir. 1977)(internal citations omitted). SVIA and MIC are also knowledgeable as to the technical characteristics of ORVs.

Third, as described above, Plaintiff NPCA carved this lawsuit against Wrangell-St. Elias out from the D.C. ORV case and refiled it here after Applicant Intervenors SVIA, MIC and BRC had already been granted intervention in the D.C. ORV case. Under these circumstances, the equities strongly favor granting intervention.[9] As noted, no parties oppose intervention here.

## IV.    Conclusion.

For the foregoing reasons, this Court should grant this Unopposed Motion for Intervention and enter the proposed Order negotiated by Plaintiffs and the Applicant Intervenors.

DATED: November 10, 2006.

---

[9]    Some older Ninth Circuit cases that applicants for permissive intervention should show that the Court has "an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)(internal citations omitted). Any such requirement is satisfied. Applicant Intervenors assert only defenses to claims advanced by Plaintiffs under federal statutes which present federal questions. 28 U.S.C. § 1331. See Plaintiffs' Complaint (all causes of action). There are no state-law counterclaims or other matters over which Applicant Intervenors must independently establish federal jurisdiction.

Respectfully submitted,

Applicant Defendant Intervenors:
Specialty Vehicle Institute of America,
Motorcycle Industry Council,
BlueRibbon Coalition, Inc., and
Alaska Outdoor Council.

By their attorneys,

/s/ James H. Lister
WILLIAM P. HORN, D.C. Bar No.: 375666**
JAMES H. LISTER, D.C. Bar No.: 447878*
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com
Email: jlister@dc.bhb.com

Attorneys for Applicant Defendant Intervenors

\* Application for pro hac vice admission pending
\*\* Application for pro hac vice admission to be submitted

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2006, a copy of the foregoing Motion to Intervene, supporting Declarations, and Proposed Order was sent by electronic filing to:

Michael R. Steeves
Rebbeca Louise Bernard
Bruce M. Landon


<u>/s/ James H. Lister</u>
James H. Lister

**Exhibits and Proposed Order**

Exhibits 1 through 4, consisting of Declarations, are being filed concurrently with this Motion to Intervene under separate ECF entries.

The proposed Order follows.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION; ALASKA CENTER FOR THE ENVIRONMENT; and THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL PARK SERVICE; MARCIA BLASZAK, Alaska Regional Director; and WILL TIPTON, Acting Superintendent for Wrangell-St. Elias National Park and Preserve <br><br> Defendants ("Federal Defendants") <br><br> SPECIALTY VEHICLE INSTITUTE OF AMERICA, MOTORCYCLE INDUSTRY COUNCIL, BLUERIBBON COALITION, INC. AND ALASKA OUTDOOR COUNCIL, <br><br> Applicant Defendant-Intervenors. | Case No. 3:06-cv-0158 RRB |

## [PROPOSED] ORDER GRANTING INTERVENTION

Upon consideration of the Unopposed Motion to Intervene filed by Applicant Defendant-Intervenors Specialty Vehicle Institute of America, Motorcycle Industry Council, BlueRibbon Coalition, Inc., and Alaska Outdoor Council (collectively, the "Applicant Intervenors"), it is hereby Ordered that:

1. The Motion to Intervene is Granted pursuant to Fed.R.Civ.P. 24(b).[10]

2. Applicant Intervenors shall be party defendants in this action.

3. Applicant Intervenors will not oppose the terms of any reasonable scheduling order that may be agreed to by Plaintiffs or Federal Defendants[11] and proposed to the Court.

---

[10] Therefore, the Court does not decide whether Applicant-Intervenors would be entitled to intervention-as-of-right pursuant to Fed.R.Civ.P. 24(a) with respect to any portion of the Complaint.

[11] The Federal Defendants are listed in the caption above.

1

Applicant Intervenors will not advocate their own scheduling order. This will not preclude the Applicant Intervenors or any other party from moving to modify whatever scheduling order the Court enters for good cause shown, based on circumstances that arise as the case progresses.

4.  Applicant Intervenors shall to the extent reasonably possible avoid enlarging the issues presented in this case. Therefore Applicant Intervenors shall not attempt to enlarge the geographic scope of the case beyond Wrangell-St. Elias National Park and Preserve or seek any relief not necessary to defend their position that recreational Off-Road-Vehicle Use / All-Terrain Vehicle Use should continue in Wrangell-St. Elias. This restriction shall not prevent Applicant Intervenors from raising legal or factual defenses that vary from the Federal Defendants' defenses, bar Applicant Intervenors from asserting a position regarding any proposed resolution of this case, or constitute a waiver of any right of Applicant Intervenors to appeal a judgment.

DATED:  November _____, 2006                    BY THE COURT:

                                                                                      _____
                                                                                      RALPH R. BEISTLEIN
                                                                                      UNITED STATES DISTRICT JUDGE