UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION; ALASKA CENTER FOR THE ENVIRONMENT; and THE WILDERNESS SOCIETY,<br><br>   Plaintiffs,<br><br> v.<br><br>NATIONAL PARK SERVICE; MARCIA BLASZAK, Alaska Regional Director; and WILL TIPTON, Acting Superintendent for Wrangell-St. Elias National Park and Preserve,<br><br>   Defendants,<br><br>SPECIALTY VEHICLE INSTITUTE OF AMERICA, MOTORCYCLE INDUSTRY COUNCIL, ALASKA OUTDOOR COUNCIL, AND THE BLUERIBBON COALITION, INC.<br><br>   Applicant Intervenor Defendants. | Case No. 3:06-cv-0158 RRB |

## DECLARATION OF JACK WELCH
## IN SUPPORT OF MOTION TO INTERVENE

1. I have personal knowledge of the statements in this affidavit.

2. I am a resident of Wyoming.

3. I am the President of the applicant defendant intervenor, BlueRibbon Coalition, Inc. ("BlueRibbon").

4. BlueRibbon is an Idaho nonprofit corporation representing over 1,100 businesses and organizations with approximately 600,000 total members. BlueRibbon members reside throughout and beyond the United States, including 85 such members in Alaska, 8 of which are organizations.

5. BlueRibbon members use motorized and nonmotorized means, including off road vehicles, horses, mountain bikes, and hiking, to access federal lands throughout the United States, including where authorized on lands in the National Park potentially affected by this litigation. I understand that BlueRibbon members have enjoyed, do enjoy, and have concrete plans to continue to enjoy vehicle access to and within the Wrangell-St. Elias National Park and Preserve in accordance with the permit system challenged by the Complaint in this action.

6. BlueRibbon has a long-standing interest in the protection of the values and natural resources found on these lands, and regularly works with land managers to provide recreation opportunities, preserve resources, and promote cooperation between public land visitors. BlueRibbon also prioritizes educating its members and the general public about responsible motorized and nonmotorized off-highway recreation. Since BlueRibbon members are fundamentally affected by outcomes to Park Service planning and rulemaking processes, BlueRibbon is also regularly involved in, and deeply concerned with, maintaining the integrity and legal validity of such administrative processes.

7. BlueRibbon members have long enjoyed legal and responsible vehicle and off road vehicle access where authorized to the National Park System in general and, I understand, to Wrangell-St. Elias National Park and Preserve in particular. BlueRibbon members have concrete future plans to continue such access as the means by which we enjoy the unique experience and attractions of these areas. Any change in the regulatory scheme which will restrict or eliminate vehicle and/or off road vehicle access will force us to cancel these plans and will adversely impact or eliminate our recreational and aesthetic enjoyment of these Park System units.

8. BlueRibbon attempts to maintain a cooperative relationship with all land management agencies, including all Park Service offices. At the same time, we understand that the Park Service must balance issues and land uses beyond those stressed by our members. There have been occasions when Park Service or federal agency decisions have not reflected BlueRibbon goals or input. Most notably, such a divergence of opinion has occurred when the Park Service settled a lawsuit involving personal watercraft ("PWC") access National Park System waters, and a related action filed by BlueRibbon and other parties to reinstitute PWC access to Lake Powell. Even when we have been generally aligned with managing agencies in defending the agencies' decisions, BlueRibbon has a unique perspective and typically present different issues, arguments, and evidence than that presented by the federal agency's legal counsel. Thus, BlueRibbon's legal interests in this action are not identical with, and in some conceivable evolution of this action, might be contrary to, the Park Service's interests and we anticipate a need to present different information and legal arguments than might be presented by Defendants. .

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of September, 2006, at Pocatello, Idaho.

_____
Jack Welch
President, BlueRibbon Coalition