WILLIAM P. HORN, D.C. Bar No.: 375666 **
JAMES H. LISTER, D.C. Bar No.: 447878 *
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com; jlister@dc.bhb.com

* Application for pro hac vice admission pending
** Application for pro hac vice admission to be filed

Attorneys for Applicant Defendant Intervenors

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION; ALASKA CENTER FOR THE ENVIRONMENT; and THE WILDERNESS SOCIETY,<br><br>    Plaintiffs,<br>        v.<br><br>NATIONAL PARK SERVICE; MARCIA BLASZAK, Alaska Regional Director; and WILL TIPTON, Acting Superintendent for Wrangell-St. Elias National Park and Preserve,<br><br>    Defendants,<br><br>SPECIALTY VEHICLE INSTITUTE OF AMERICA, MOTORCYCLE INDUSTRY COUNCIL, BLUERIBBON COALITION, INC., AND ALASKA OUTDOOR COUNCIL,<br><br>    Applicant Defendant Intervenors. | Case No. 3:06-cv-0158 RRB<br><br>**PROPOSED ANSWER OF APPLICANT DEFENDANT INTERVENORS TO COMPLAINT FOR DECLARATORY AND AND INJUNCTIVE RELIEF** |

Applicant Defendant Intervenors Specialty Vehicle Institute of America, Motorcycle Industry Council, Blueribbon Coalition, Inc., and Alaska Outdoor Council (the "Applicant Intervenors") hereby submit this Answer to the Complaint filed in this matter:[1]

---

[1] In several paragraphs of the Complaint, the Plaintiffs do not state factual allegations but rather describe and/or quote statements allegedly made in some other document. F.R.Civ.P 8 does not require that defendants admit or deny the correctness of statements made in quoted and/or paraphrased documents. Accordingly, the Applicant Intervenors respond to the allegations that such statements were made in the document(s) that Plaintiffs describe and/or quote. In some instances, the Applicant Intervenors for the sake of clarity also expressly point out that they deny the correctness of the statements made in the document being described or quoted. *See, e.g.* notes 2 and 3 below. However, the lack of
(cont.)

## I.  Response To Statement Of Nature Of Case

1.	The allegations of Paragraph 1 of the Complaint are denied except that Applicant Intervenors admit that the National Park Service of the Department of the Interior (the "Park Service" or "NPS") issued permits pursuant to 43 C.F.R. § 36.11(g)(2) for recreational Off-Road Vehicle ("ORV") use in 2006 in Wrangell-St. Elias National Park and Preserve ("Wrangell-St. Elias"), and that Plaintiffs' lawsuit challenge the lawfulness of those 2006 permits.

## II.  Response To Allegations Recording Subject Matter Jurisdiction And Venue

2.	In response to Paragraph 2 of the Complaint, the Applicant Intervenors admit that venue is proper and on information and belief, and subject to further investigation, admit that the Court appears to have subject matter jurisdiction.

## III.  Response to Allegations Regarding Plaintiffs

3-7.	The Applicant Intervenors are without sufficient information to admit or deny the allegations of paragraphs 3, 4, 5, 6, and 7 of the Complaint, and therefore deny such allegations.

8.	The allegations of Paragraph 8 of the Complaint are denied.

## IV.  Response to Allegations Regarding Defendants

9-11.	The allegations of Paragraphs 9, 10, and 11 of the Complaint are admitted.

## V.  Response to Background Allegations

12.	Except as indicated below, the allegations of Paragraph 12 of the Complaint are admitted as being generally accurate. Applicant Intervenors note that the actual size of Wrangell-St. Elias is approximately 13.2 million acres, of which approximately 8.3 million acres are classified as a National Park and approximately 4.9 million acres are classified as a National Preserve. Further, substantial portions of the 13.2 million acres are inholdings under state or private control

---

such a further response in other instances should not be taken as signifying that the Applicant Intervenors agree with the statements made in the document that the Plaintiffs are describing or quoting.

and so not subject to Park Service jurisdiction. Additionally, the statute creating Wrangell-St. Elias, the Alaska National Interest Lands Conservation Act, directs that Wrangell-St. Elias provide "continued opportunities including reasonable access for . . . wilderness recreational activities." Public Law 96-487 ("ANILCA") § 201(b)(9), codified at 16 U.S.C. § 410hh(9).

13. The allegations of the first, second, and fourth sentences of Paragraph 13 of the Complaint are admitted as being generally accurate. The allegations of the third sentence of Paragraph 13 are denied.

14. Paragraph 14 of the Complaint summarizes and/or quotes a statute which speaks for itself. The Applicant Intervenors deny any portion of Paragraph 14 that does not accurately or completely summarize that statute.

15. In response to Paragraph 15 of the Complaint, the Applicant Intervenors admit that the Park Service lawfully authorizes recreational ORV use in Wrangell-St. Elias pursuant to an annual permit system and deny all other allegations.

16. The allegations of Paragraph 16 of the Complaint are denied.

17. Paragraph 17 of the Complaint summarizes a publication by an environmental advocacy group, Bluewater Network. That publication speaks for itself. Applicant Intervenors deny any portion of Paragraph 17 that does not accurately and completely summarize that publication.[2]

18. In response to the allegations of Paragraph 18 of the Complaint, the Applicant Intervenors state that some ORVs do come into contact with soils and may affect soils in some ways. Further the Applicant Intervenors state that compaction of soils, whatever the source of that compaction, may generally affect soils. The Applicant Intervenors deny the allegations of harm made in Paragraph 18, including the allegations regarding compaction, loss of vegetation, erosion,

---

[2] Any implied allegation that the quoted and/or described statements are correct is denied. This response also applies to all other paragraphs of the Complaint in which Plaintiffs describe or quote documents authored by Bluewater Network or G. Ray Bane.

introductory of exotic weed species, and extended impacts. The Applicant Intervenors deny that ORVs cause significant adverse impact to soils. Any other allegations of Paragraph 18 of the Complaint are denied.

19. In response to the allegations of Paragraph 19 of the Complaint, the Applicant Intervenors state that operating ORVs, like many other human activities, can result in interaction with wildlife and that there may be instances in which ORV use affects wildlife in some way. Further, the Applicant Intervenors state that operating ORVs, like many other activities, can produce some levels of sound and admit that sufficiently loud sounds from any source may affect wildlife depending on the circumstances. The Applicant Intervenors deny the allegations of harm made in Paragraph 19. In particular, the Applicant Intervenors deny that ORVs are driving away or injuring wildlife, destroying habitat, altering food sources, or otherwise causing a significant adverse impact on wildlife in Wrangell-St. Elias, whether through noise, interaction with wildlife or habitat, or in some other way. Any other allegations of Paragraph 19 of the Complaint are denied.

20-21. The allegations of Paragraphs 20 and 21 of the Complaint are denied.

22. Paragraph 22 of the Complaint summarizes and/or quotes a document prepared by the Park Service which speaks for itself. The Applicant Intervenors deny any portion of Paragraph 22 that does not accurately or completely summarize that document.[3]

23. Paragraph 23 of the Complaint summarizes and/or quotes an article by G. Ray Bane which speaks for itself. The Applicant Intervenors deny any portion of Paragraph 23 that does not accurately or completely summarize that document.[4]

24-28. The allegations of Paragraphs 24-28 of the Complaint are denied.

---

[3] Any implied allegation that the quoted and/or described statement is correct is denied based on lack of sufficient information to determine whether the statement is true or correct. This applies also to all other paragraphs of the complaint in which Plaintiffs describe or quote government-authored documents. See note 1 above.

[4] See note 2 above regarding statements in quoted and/or described documents.

29. Paragraph 29 of the Complaint summarizes and/or quotes the Bane article which speaks for itself. The Applicant Intervenors deny any portion of Paragraph 29 that does not accurately or completely summarize that document.[5]

30-31. Paragraphs 30 and 31 of the Complaint summarize and/or quotes a draft document prepared by the Park Service which speaks for itself. The Applicant Intervenors deny any portions of Paragraphs 30 and 31 that do not accurately or completely summarize that document.[6]

32. The allegations of Paragraph 32 of the Complaint are denied. Section 201(9) of ANILCA provides for continuation of recreation activities such as ORV use.

33-45. The allegations of Paragraphs 32 through 45 of the Complaint purport to summarize and/or quote statutes, administrative rules, and executive orders, all of which speak for themselves. The Applicant Intervenors deny all portions of these paragraphs that do not accurately and completely summarize or quote these statutes, administrative rules and executive orders. While the Applicant Intervenors are not required to point out error in these summaries, the errors made by the Plaintiffs in their summaries include, but are not limited to, the following:

a. Plaintiffs fail to mention that Executive Order 11644 specifically excludes vehicles authorized to travel off-road pursuant to a permit issued by the Park Service from the definition of "Off-Road Vehicle" in the Executive Order. *See* E.O. 11644, § 2(3)(C).

b. Plaintiff also fail to mention that, in accordance with the permit exclusion, the Park Service has recognized that Alaska park units have authority to authorize ORV use under a permit system rather than under 36 CFR § 4.10, the Park Service's general ORV rule.[7] This

---

[5] See note 2 above regarding statements in quoted and/or described documents.
[6] See note 3 above regarding statements in quoted and/or described documents.
[7] Plaintiffs further fail to mention that substantial portions of Wrangell-St.Elias are classified as a National Preserve rather than a National Park. *See* Response to Paragraph 12 of the Complaint above. Even under Plaintiffs' theory that Rule 4.10 governs, Rule 4.10 specifically authorizes use of ORVs in National Preserves. Section 201(9) of ANILCA and several other land use statutes supply additional authority. *See* Fifth Affirmative Defense below.

decision was made in a 1987 rulemaking order issued following a full notice and comment rulemaking process, and is codified at 43 CFR § 36.11(g)(2).[8]

46. The Applicant Intervenors are without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint and therefore deny them.

47. The allegations of the first sentence of Paragraph 47 of the Complaint are unclear and denied on that basis, although Applicant Intervenors agree that Wrangell-St. Elias authorizes recreational ORV use pursuant to an annual permitting process under 43 C.F.R. § 36.11(g)(2). The allegations of the second sentence of Paragraph 47 of the Complaint are admitted.

48. The allegations of Paragraph 48 of the Complaint that the Park Service has never provided the public with an opportunity to comment on the recreational ORV permit process is denied. The allegation regarding NEPA review is denied based on lack of sufficient information to determine if the allegation is true or false. Any other allegations in Paragraph 48 are denied.

49. Paragraph 49 of the Complaint summarizes and/or quotes a 1986 General Management Plan for Wrangell-St. Elias ("GMP") which speaks for itself. The Applicant Intervenors deny any portion of the summary that is incomplete or inaccurate. In particular, Plaintiffs' statement that the GMP supports use of ORVs only on roads and in parking areas is inaccurate -- the GMP also supports use of ORVs on designated routes that are not roads.[9] Plaintiffs also do not mention the 1987 rulemaking order that the Park Service issued one year after the GMP. As discussed above, that rulemaking order determined that Park Servce units in Alaska could rely upon a permit system to authorize recreational off-road ORV use. Applicant Intervenors also deny

---

[8]  *See Transportation and Utility Systems in and Across, and Access Into, Conservation System Units in Alaska, Final Rule*, 51 Fed.Reg. 31619, 31626 (Sept. 4, 1986) (adopting 43 CFR § 36.11(g), providing that park units in Alaska may choose between invoking the permit exception found in E.O. 11644, § 2(3)(C) or proceeding under the more general procedures found at 36 CFR 4.10 to authorize ORV use).

[9]  *Compare* GMP at page 12 ("The recreational use of ORVs off established roads, parking areas, <u>or designated routes</u> is prohibited.") (emphasis added) *with* Complaint at ¶ 49 (suggesting that the GMP allows use of ORVs only on established roads and parking areas).

that the GMP is the only Park Service document relating to ORVs in Wrangell-Elias that has been subject to public comment. Based on lack of sufficient information to admit or deny, the Applicant Intervenors deny that the GMP is the only document related to recreational ORV use in Wrangell-St. Elias that has been subject to NEPA review. Any other allegations of Paragraph 49 are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 51 are admitted on information and belief as being generally accurate.

52. The Applicant Intervenors admit the allegation of Paragraph 52 of the Complaint that there is no residency requirement for recreational ORV permits in Wrangell-St. Elias and deny the allegation of Paragraph 52 that there are "few restrictions on the type of ORV use." Any other allegations in Paragraph 52 of the Complaint are denied.

53-54. The allegations of Paragraphs 53 and 54 of the Complaint are denied based on lack of sufficient information to determine if they are true or false.

55. The allegations of Paragraph 55 of the Complaint are admitted, except that the permit refers to "Lost Creek" while Paragraph 55 of the Complaint refers to "Lost Lake."

56. The allegations of Paragraph 56 of the Complaint are denied based on lack of sufficient information to determine if they are true or false.

## VI. Response to Claims

57. Paragraph 57 of the Complaint re-alleges the allegations of all prior paragraphs of the Complaint. The Applicant Intervenors restate their prior responses.

58. Paragraph 58 of the Complaint summarizes and/or quotes a regulation which speaks for itself. The Applicant Intervenors deny any portion of Paragraph 58 that does not accurately or completely summarize that regulation.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. Paragraph 60 of the Complaint re-alleges the allegations of all prior paragraphs of the Complaint. The Applicant Intervenors restate their responses.

61. The allegations of Paragraph 61 of the Complaint are denied. The Applicant Intervenors deny that recreational ORV use in Wrangell-St. Elias may significantly affect the human environment.

62. The allegations of Paragraph 62 of the Complaint are denied. As to the allegations of the first sentence of Paragraph 62, the denial is based on lack of sufficient information to determine if the allegation is true or false.

63. Paragraph 63 of the Complaint re-alleges the allegations of all prior paragraphs of the Complaint. The Applicant Intervenors restate their responses.

64-65. Paragraphs 64 and 65 of the Complaint summarize and/or quote statutes which speak for themselves  The Applicant Intervenors deny any portion of Paragraph 64 and 65 that do not accurately or completely summarize those statutes.

66. The allegations in Paragraph 66 of the Complaint are denied. The Applicant Intervenors deny that recreational ORV use in Wrangell-St. Elias is in derogation of Park's value and purposes.

67. The allegations in Paragraph 67 of the Complaint are denied. Further answering, Applicant Intervenors state that Park Service units in Alaska may authorize recreational ORV use pursuant to park units in Alaska by 43 C.F.R. § 36.11(g)(2) in lieu of using the process set forth in 36 C.F.R. § 4.10.

68-70. Paragraphs 68, 69, and 70 of the Complaint summarize and/or quote an executive order and regulations, all of which speak for themselves. Applicant Intervenors deny any portion of the Paragraphs that do not accurately and completely summarize those documents. The Applicant

Intervenors further note that vehicles operated pursuant to a permit are excluded from the definition of "Off-Road Vehicle" in Executive Order 11644. *See* E.O. 11644, § 2(3)(c).

71. The Applicant Intervenors admit that the Park Service issued recreational ORV permits in Wrangell-St. Elias pursuant to 43 C.F.R. § 36.11(g)(2), but deny that such action was unlawful or that Rule 36.11(g)(2) is in any way contrary to statute.

72-73. The allegations in Paragraphs 72 and 73 are denied.

74. All allegations of the Complaint not expressly admitted above are denied.

## Affirmative Defenses

Without taking on the burden of proof of any matter for which such burden properly rests on Plaintiffs, Applicant Intervenors state that the following additional matters bar all or parts of this lawsuit.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs have failed to join to this lawsuit necessary and/or indispensable parties – the holders of the 2006 recreational ORV permits that Plaintiffs seek to have declared unlawful.

### Third Affirmative Defense

Plaintiffs have not established standing to bring this action.

### Fourth Affirmative Defense

There is no private cause of action under the Administrative Procedure Act (5 U.S.C. § 706) or otherwise by which Plaintiffs may sue to enforce Executive Order 11644.

### Fifth Affirmative Defense

In alleging that ORVs cause damage to Wrangell-St.Elias unit, Plaintiffs fail to distinguish among: (1) recreational ORV use that the Park Service has authorized under 43 CFR 36.11(g), (2)

ORV use for purposes of subsistence hunting and fishing ("subsistence"), and (3) ORV use for purposes of access to private or state-owned inholdings within Wrangell-St. Elias.  Section 811 of ANILCA (codified at 16 U.S.C. § 3121) mandates that the Park Service allow traditional means of access to Wrangell-St. Elias lands and waters for subsistence, and this includes access by ORV.  Section 1110(b) of ANILCA (codified at 16 U.S.C. § 3170) also mandates that the Park Service allow reasonable means of access to Wrangell-St. Elias lands for purposes of reaching inholdings, and this includes access by ORV.  Because of these statutory mandates, the Park Service imposes fewer restrictions on use of ORVs for purposes of subsistence or access to inholdings than it does on use of ORVs for recreation.  While Plaintiffs have not proven that any type of ORV use is damaging Wrangell-St. Elias, recreational ORV use is a distinct category of ORV use.   Any impacts allegedly caused by it must be analyzed separately in deciding this lawsuit from any impacts allegedly caused by other types of statutorily authorized ORV use.

<u>Sixth Affirmative Defense</u>

In addition to being explicitly authorized by 43 CFR § 36.11(g), the recreational ORV use in Wrangell-St. Elias that Plaintiffs challenge in this lawsuit may be authorized by  a variety of federal land use laws.  These potentially applicable laws include but are not limited to:  (1) Section 1316 of ANILCA (authorizing uses for recreational and other purposes related to fishing and hunting camps – codified at 16 U.S.C. § 3204); (2) Section 17(b) of the Alaska Native Claims Settlement Act (providing for public easements over certain lands – uncodified provision within  Public Law No. 92-203); and (3) Revised Statutes 2477 (preserving rights-of-ways and easements over federal lands obtained by individuals and states before 1976 pursuant to state law.[10])  Further, as discussed in the

---

[10]    Revised Statutes  2477 was enacted at  14 Stat. 251, 253 (1866) and was repealed non-retroactively by Pubic Law No. 94-579 § 706(a), 90 Stat. 2743 (1976).  Easements and rights-of-way obtained prior to the repeal are grandfathered and so remain valid and enforceable.

Fifth Affirmative Defense, separate ANILCA provisions require that the Park Service allow use of ORVs for purposes of subsistence and access to inholdings.

### Seventh Affirmative Defense

The six-year statute-of-limitations to challenge actions of the Federal Defendants may bar any challenge to governmental actions, including but not limited to the adoption of regulations, taken more than six years prior to the filing of this lawsuit. 28 U.S.C. § 2401.

### Eighth Affirmative Defense

Some or all portions of the Complaint may be barred by waiver.

WHEREFORE, the Applicant Intervenors respectfully request that the Court:

(A) Grant judgment on the merits in favor of the Applicant Intervenors and against Plaintiffs, and accordingly deny the Plaintiffs' various requests for relief, and

(B) Grant the Applicant Intervenors costs of court and such other and further relief as is just and proper.

DATE:  November 13, 2006.

        Respectfully submitted,

        Applicant Defendant Intervenors:

        Specialty Vehicle Institute of America,
        Motorcycle Industry Council,
        Blueribbon Coalition, Inc. and
        Alaska Outdoor Council,

        By their attorneys,

        /s/ James H. Lister
        WILLIAM P. HORN, D.C. Bar No.: 375666**
        JAMES H. LISTER, D.C. Bar No.: 447878*
        Birch, Horton, Bittner & Cherot, P.C.
        1155 Connecticut Avenue
        Suite 1200
        Washington, D.C. 20036
        Telephone: (202) 659-5800
        Facsimile: (202) 659-1027
        Email: whorn@dc.bhb.com
        Email: jlister@dc.bhb.com

        Attorneys for Applicant Defendant Intervenors

\* Application for pro hac vice admission pending
\*\* Application for pro hac vice admission to be filed

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2006, a copy of the foregoing was sent by electronic filing to:

Michael R. Steeves
Rebbeca Louise Bernard
Bruce M. Landon


/s/ James H. Lister
James H. Lister